IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUACY TOM WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CASE NO. 2:17-CV-680-WKW-KFP |
| v. | ) | [WO] |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court on Petitioner Quacy Tom Wright's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. CIV Doc. 2.[1] Wright claims this Court lacked jurisdiction when it revoked his supervised release in July 2016 and imposed a 48-month sentence.

## I. BACKGROUND

Federal Conviction and Sentence

In June 2007, Wright pled guilty in the United States District Court for the Southern District of Alabama to conspiracy to possess with the intent to distribute cocaine (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 3). *See* CIV Doc. 5-2 at 2. On March 24, 2008, that court sentenced Wright to 65 months' imprisonment

---

[1] References to document numbers assigned by the Clerk in this civil action, Civil Action No. 2:17cv680-WKW-KFP, are designated as "CIV Doc." References to document numbers assigned by the Clerk in the supervised release/revocation matters in the criminal case, Case No. 2:13cr171-WKW, are designated as "CR Doc." Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

to be followed by five years of supervised release. *Id.* at 3–4. In October 2013, Wright's supervision was transferred from the Southern District of Alabama to the Middle District of Alabama. CR Doc. 1.

First Revocation

On October 23, 2013, a petition was filed in this Court to revoke Wright's supervised release. CR Doc. 3. A final hearing was held on the petition on February 18, 2014, before United States District Court Judge Mark Fuller. CIV Doc. 5-4. On February 20, 2014, Judge Fuller revoked Wright's supervised release and sentenced him to 15 months' imprisonment to be followed by a term of supervised release to last until December 29, 2016—the date Wright's original supervised release would have ended if not for the revocation. CIV Doc. 5-4 at 72–73; CIV Doc. 16-1 at 5.

Second Revocation

On February 2, 2016, a petition was filed in this Court to revoke Wright's supervised release. CR Doc. 55. An amended petition was then filed the same day. CR Doc. 57. On June 8, 2016, another amended petition was filed. CR Doc. 70. On July 21, 2016, a final hearing was held on the amended petition before Chief United States District Court Judge W. Keith Watkins. CR Doc. 85. On August 2, 2016, Judge Watkins revoked Wright's supervised release and sentenced him to 48 months' imprisonment. CR Doc. 86. Wright appealed, arguing that the 48-month sentence upon revocation was substantively unreasonable. CR Doc. 88; *see* CIV Doc. 5-3. The argument was considered and rejected by the Eleventh Circuit Court of Appeals in an opinion issued on August 2, 2017. CR Doc. 107.

§ 2255 Motion

On September 26, 2017, Wright filed a pro se letter-motion with this Court arguing that the Court lacked jurisdiction when it revoked his supervised release in July 2016 and imposed a 48-month sentence because his prior term of supervised release terminated before he was charged with the violation underlying the July 2016 revocation. CIV Doc. 2. The Court entered an order advising Wright of its intention to recharacterize his letter-motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and provided him with the notice and warnings required by *Castro v. United States*, 540 U.S. 375 (2003). CIV Doc. 3. The case is now proceeding as an action under § 2255. *See* CIV Docs. 3, 4. In March 2018, Wright supplemented his § 2255 motion with a claim that his counsel rendered ineffective assistance by failing to argue that this Court lacked jurisdiction when it revoked his supervised release in July 2016 and imposed the 48-month sentence. CIV Doc. 12.

The Government argues that Wright's substantive claim regarding this Court's alleged lack of jurisdiction is both procedurally defaulted and without merit. CIV Docs. 5, 16. The Government further argues that, because Wright's substantive claim is without merit, his counsel was not ineffective for failing to raise the claim. CIV Doc. 16.

For the reasons that follow, the Court finds Wright's § 2255 motion should be denied without an evidentiary hearing.

## II. DISCUSSION

Wright claims this Court lacked jurisdiction when it revoked his supervised release in July 2016 and imposed a 48-month sentence. CIV Doc. 2. Wright's argument goes as

follows. When Judge Fuller revoked his original supervised release in February 2014 and sentenced him to 15 months' imprisonment, Judge Fuller ordered that he continue serving his previously imposed term of supervised release upon his release from prison. *Id*. at 1–2; CIV Doc. 11 at 2–7. However, because the term of supervised release had just been revoked by Judge Fuller, it no longer existed. *Id*. Further, Wright claims, because Judge Fuller did not impose a new term of supervised release but instead ordered that he serve the remainder of the original, now-revoked term, he was legally not on supervised release at any time after serving the 15 months of imprisonment ordered by Judge Fuller. *Id*. Thus, Wright says he was not on supervised release when the Government moved to revoke his supervised release in 2016, and this Court was without jurisdiction when Judge Watkins revoked his supervised release in July 2016 and imposed a 48-month sentence. *Id*. Wright's argument is unavailing.

When revoking Wright's supervised release in February 2014 and sentencing him to 15 months' imprisonment, Judge Fuller advised Wright, "When you are released from the custody of the Federal Bureau of Prisons, you will be ordered to complete the term of your supervised release that you are currently serving." CIV Doc. 5-4 at 72. The date for completion of that term was December 29, 2016. *Id.* at 73. It is clear from the record that Judge Fuller's intent was for Wright to serve a term of supervised release, after his release from reincarceration, until December 29, 2016. It defies common sense to argue that it was Judge Fuller's intent to order a term of supervised release that could not be served merely because the original supervised release had been revoked. Moreover, as the Government correctly observes in its response to Wright's claim (CIV Doc. 5 at 6–7) , the "revocation"

of supervised release is not the same thing as the "termination" of a supervised release order, and an order of supervised release continues in some sense after revocation, so that the balance of an original term of a supervised release may remain in effect when a violator's reincarceration is complete. *See Johnson v. United States,* 529 U.S. 694, 705–06 (2000). Thus, the revocation of Wright's supervised release in February 2014 did not foreclose continuation of his term of supervised release, after his release from reincarceration, until December 29, 2016. The 2016 revocation proceedings against Wright were initiated well before December 29, 2016, and Wright was still on supervised release when those proceedings were initiated.

For the reasons stated, Wright's substantive claim regarding this Court's alleged lack of jurisdiction to revoke his supervised release in July 2016 and impose a 48-month sentence is without merit. Because Wright's substantive claim is without merit, there is likewise no merit to his claim that his counsel was ineffective for failing to raise the claim.[2] Counsel cannot be ineffective for failing to raise a meritless claim. *See Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Wright's motion to vacate under 28 U.S.C. § 2255 be DENIED and this case be DISMISSED with prejudice.

---

[2] Because it is clear that Wright's substantive claim lacks merit, the Court pretermits discussion of the Government's argument that Wright's substantive claim is procedurally defaulted.

It is further ORDERED that on or before **January 13, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of December, 2020.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE