IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUACY TOM WRIGHT,<br>Reg. No. 09779-003,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:17-CV-680-WKW<br>)           [WO]<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Before the court are Petitioner Quacy Tom Wright's (1) Petition for Information Regarding Court Registry Funds (Doc. # 30); and (2) Rule 60(d)(3) Motion for Relief From Judgment Based on Fraud on the Court (Doc. # 33).  For the reasons to follow, both motions will be denied.

A.   **Petition for Information Regarding Court Registry Funds**

Mr. Wright seeks an order that (1) directs the Clerk of Court to provide a full, itemized accounting of any funds or instruments held in the Court Registry Investment System (CRIS) or similar registries related to his criminal and civil proceedings in the United States District Courts for the Middle District of Alabama and Southern District of Alabama and the United States Court of Appeals for the Eleventh Circuit; (2) produces and preserves all related, relevant records; (3) recognizes Petitioner's standing as a fiduciary beneficiary; and (4) refers this petition as a judicial misconduct

complaint.  (Doc. # 30 at 5.)  Plaintiff cites multiple federal sources of authority, including 28 U.S.C. §§ 2041–2045 (Chapter 129, titled "Moneys Paid into Court"), 5 U.S.C. § 552 (Freedom of Information Act), 31 U.S.C. § 3302 (titled, "Custodians of Money"), Fed. R. Civ. P. 67 (titled, "Deposit Into Court"), and 28 U.S.C. §§ 351–64 (Chapter 16, titled "Complaints Against Judges and Judicial Discipline").

The Government filed a response in opposition (Doc. # 32), asserting that the petition should be denied for two reasons.  First, it argues that the Freedom of Information Act (FOIA), 5 U.S.C. § 552, does not apply to the federal judicial branch and that, therefore, the FOIA "is an inappropriate vehicle for Wright's request."  (Doc. # 32 at 3–4.)  Second, it contends that the CRIS neither was "involved in Mr. Wright's criminal fees or forfeiture" nor a depository for any funds in this civil case and that, therefore, "there is no 'accounting' to provide him."  (Doc. # 32 at 3–4.)

Based upon a thorough review of the petition, as well as all supporting and opposing arguments, the petition will be denied.  Mr. Wright has not presented grounds that justify relief, and arguments not explicitly addressed in this Memorandum Opinion and Order also are rejected as meritless.

First, the FOIA pertains to claims involving a federal agency's improper withholding of records requested in accordance with agency rules.  *See* §§ 552(a)(3)(A), (4)(B)(1).  The federal judiciary is not classified as an agency under the FOIA and, therefore, is not subject to its provisions.  *See* 5 U.S.C. § 551(1)(B) (providing that an "'agency' . . . does not include . . . the courts of the United States").

Based on the statute's explicit statement, Article III courts are exempt from the FOIA. Therefore, Mr. Wright's FOIA request, to the extent he makes one, will be denied.[1]

Second, no moneys have been imposed or paid into the court in connection with this closed civil action, which began with the filing of a 28 U.S.C. § 2255 motion. (Doc. # 2.) This motion challenged the court's jurisdiction to revoke Mr. Wright's term of supervised release in *United States v. Wright*, Case No. 2:13-CR-171 (M.D. Ala., filed Oct. 16, 2013) ("underlying revocation proceeding"), and it was dismissed with prejudice.[2] (Docs. # 23, 24.) Furthermore, no fines were imposed, and no moneys were deposited with this court in connection with the underlying revocation proceeding. (*See* Doc. # 2-1); *see also* 28 U.S.C. § 2041 (governing deposits of "moneys paid into any court of the United States"). This court holds no monetary funds in its registry pertaining to Mr. Wright's civil case and criminal cases in this district. Hence, Mr. Wright's request for a detailed accounting of funds held in this court's registry with respect to his proceedings in this district will be denied. With respect to

---

[1] In his reply, Mr. Wright asserts that the "[t]he Government's response improperly reframes" his petition "as a FOIA dispute" and that he "does not seek records under FOIA." (Doc. # 33 at 4.) However, because Mr. Wright expressly references FOIA in his petition, it was appropriate for the Government to address FOIA. Regardless, Mr. Wright's reply effectively moots any argument regarding a potential FOIA request.

[2] Mr. Wright was serving a term of supervised released following his conviction and sentence imposed in the United States District Court for the Southern District of Alabama. In that court, he pled guilty to conspiracy to possess with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime. *See United States v. Wright*, Case No. 1:07-CR-79 (S.D. Ala. Apr. 7, 2008), ECF No. 70. In 2008, he received a sentence of 65 months' imprisonment, with a five-year term of supervised release upon release from imprisonment. *See id.* In October 2013, his supervision was transferred to this district. (*See* Doc. # 22 at 1–2.)

3

his proceedings in other courts, Mr. Wright has cited no sound reason or authority for this court to provide the requested accounting.

Third, Mr. Wright requests the referral of his petition as a judicial complaint under 28 U.S.C. § 351. However, according to his petition, he already has initiated this complaint. (Doc. # 30 at 3, 4; Doc. # 30-1.)

Based on the foregoing, it is ORDERED that Petitioner Quacy Tom Wright's Petition for Information Regarding Court Registry Funds (Doc. # 30) is DENIED.

### B. Rule 60(d)(3) Motion for Relief from Judgment Based on Fraud on the Court

Mr. Wright's reply also attempts to raise a Rule 60(d)(3) motion for relief from the judgment alleging fraud on the court. Citing Rule 60(d)(3) of the Federal Rules of Civil Procedure, Mr. Wright challenges his criminal conviction in the Southern District of Alabama. *See supra* note 2. His arguments include newly discovered evidence of unconstitutional searches, an alleged absence of forensic testing, claims of ineffective assistance of counsel during the district court proceedings, and accusations of judicial failure to preserve the integrity of those proceedings. (*See, e.g.*, Doc. # 33 at 1–3.) This motion must be denied.

Rule 60(d)(3) is part of the Federal Rules of Civil Procedure. While Rule 60 "provides for relief from a final judgment, it does not provide for relief from a judgment in a criminal case." *United States v. George*, 188 F. App'x 926, 927 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 60(b)) (additional citations omitted)). A motion

challenging a "'federal court's previous resolution of a claim <u>on the merits</u>,' or which 'seeks to add a new ground for relief' does not constitute a proper Rule 60(d)(3) motion, but rather a habeas petition under 28 U.S.C. § 2255." *Cano v. United States*, 796 F. App'x 647, 649 (11th Cir. 2019) (per curiam) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  In *Cano*, the purported Rule 60(d)(3) motion alleged that "the federal agents and government attorneys involved with his trial perpetrated a fraud on the court" and that "the trial judge ratified this fraud, improperly instructed the jury, and impermissibly imposed a forfeiture judgment." *Id.* at 648.  The Eleventh Circuit held that the petitioner's Rule 60(d)(3) motion, which "allege[d] defects in his underlying conviction" and followed a prior § 2255 motion, was "correctly treated . . . as a successive § 2255 petition." *Id.* at 649.  Claims for ineffective assistance of counsel also fall within the habeas category. *See United States v. Bueno-Sierra*, 723 F. App'x 850, 854 (11th Cir. 2018) (per curiam) (holding that "although couched in terms of Rule 60 and a fraud on the court," the petitioner's motions were "more properly regarded as second or successive § 2255 motions" due to the introduction of new claims, including ineffective assistance of trial counsel).  Furthermore, any § 2255 motion must be filed in "the court which imposed the sentence." [3]  § 2255(a).

---

[3] Mr. Wright filed a writ of error *coram nobis* in his criminal case in the Southern District of Alabama, which was dismissed with prejudice. *See United States v. Wright*, Case No. 1:07-CR-79 (S.D. Ala. Apr. 4, 2024), ECF No. 107 (Judgment).  That writ raised claims similar to those Mr. Wright alleges in his Rule 60(d)(3) motion. *See id.*, ECF No. 106 at 6 (Report and Recommendation); *see also id.*, ECF No. 106 at 7 (observing that "[t]here is no indication in the record that the arguments advanced by Wright were unavailable to him in the past.  Indeed, it appears each of these arguments could have

Mr. Wright's Rule 60(d)(3) motion, styled as alleging fraud on the court, asserts defects in his criminal judgment due to purported fraud by the investigating, prosecuting, and judicial authorities, as well as ineffective assistance by his attorneys who defended him in the trial court. These are merits-based challenges seeking another opportunity to overturn the judgment of conviction. Moreover, the criminal judgment he attacks was imposed by the United States District Court in the Southern District of Alabama. These challenges cannot be brought through a Rule 60(d)(3) motion or in the United States District for the Middle District of Alabama.[4]

Based on the foregoing, it is ORDERED that Petitioner Quacy Tom Wright's Rule 60(d)(3) Motion for Relief from Judgment Based on Fraud on the Court (Doc. # 33) is DENIED.

DONE this 17th day of February, 2026.

      /s/ W. Keith Watkins
    UNITED STATES DISTRICT JUDGE

---

been raised in a § 2255 petition while he was in custody, but no such petition was filed.").) On appeal, the Eleventh Circuit affirmed the judgment. *See id.*, ECF No. 118 at 6–7 (holding that "[t]he government is clearly right as a matter of law that the district court correctly found that Wright failed to show that his claims were previously unavailable to him through a § 2255 motion" and that "the government is clearly right as a matter of law that the district court correctly found that Wright failed to provide a sound reason for not raising the claim earlier").

[4] This Memorandum Opinion and Order expresses no opinion on whether Mr. Wright is entitled to any post-conviction relief in the Southern District of Alabama.